UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JAY BRILL,

                          Plaintiff,

          -against-

GERALD NEWMAN and
ABC TRAINING CENTER, INC.,

                       Defendants.
-----------------------------------------------------X

**ANSWER**

DKT NO. 07 CIV 6532
JUDGE BATTS

       Defendants, by their attorney, Martin A. Wein, answering the complaint of the plaintiff, hereby allege the following, upon information and belief:

    1.     DENIES each and every allegation of the complaint contained in the following enumerated paragraphs: 10, 13, 20, 21, 22, 24, 25, 27, 29, 30, 32, 34, 35, 36, 37, 39, 40, 42, 45, 46.

    2.     DENIES KNOWLEDGE SUFFICIENT TO FORM A BELIEF as to the allegations contained in the following enumerated paragraphs: 43, 47.

    3.     DENIES each and every allegation contained in paragraph  11  of the complaint, except ADMITS that during the 14 year period preceding the sale of the school, Brill was a valued employee of ABC, and that through the efforts of Gerald Newman and others, including the plaintiff, the school became a valuable asset of ABC.

    4.     DENIES each and every allegation contained in paragraph 12 of the complaint, except ADMITS that in or about December, 2000, ABC, by its president Gerald Newman, offered to pay plaintiff a

sum to be calculated as a sliding scale of the net proceeds received from the sale of the school.

5.    DENIES each and every allegation contained in paragraph 14  of the complaint, except ADMITS that in or about December, 2000, ABC, by its president Gerald Newman, offered to pay plaintiff a sum to be calculated as a sliding scale of the net proceeds received from the sale of the school, payable at the time of and if and when payments were actually received from the buyer.

6.    DENIES each and every allegation contained in paragraph 26 of the complaint, except ADMITS that, to date, plaintiff has been paid the sum of $108, 372.12, which exceeds the sum actually due him.

7.    DENIES each and every allegation contained in paragraph 31 of the complaint, except ADMITS that, to date, plaintiff has been paid the sum of $108, 372.12, which exceeds the sum actually due him, and no additional sums are presently due plaintiff.

8.    ADMITS the allegations contained in the following paragraphs: 1, 3, 4, 5, 6, 7, 8, 9, 15, 16, 17, 18, 23.

## <u>AS AN FOR A 1st  AFFIRMATIVE DEFENSE,</u>
## <u>DEFENDANTS ASSERT THE FOLLOWING</u>

9.      In or about December 2000, ABC, by its president Gerald Newman,

offered plaintiff a "Sale/Participation Agreement".

10.     By its terms, the Agreement offered compensation to plaintiff

based upon the following formula:


"If the sale price is:

Up to $350,000-------------------------20%

From $351,000 to $500,000-----------25%

Over $500,000--------------------------30%


Jay Brill will receive the following when the total is paid in

full:

Up to $350,000---------------------------20%=$40,000

From $350,000 to $500,000-------------25%

Over $500,000-----------------------------30%

Mr. Brill will receive his percentage when Mr. Newman

receives his percentage. Example, if the down payment is

30%, Mr. Brill will receive only a pro-rated amount of 20%

and Mr. Newman will receive 80%."

11.  It was always the intention of the defendants to pay Brill the sliding scale sums calculated on the net proceeds realized by the seller, after sales commissions, legal fees and other closing costs.

12.  Newman signed the proposed agreement on behalf of ABC and forwarded it to Brill, however Brill attempted to modify the terms, and crossed-off several paragraphs, before signing same himself. The modified agreement, with Brill's signature, was never delivered to defendants prior to the closing of sale of the business.

13.  Defendants never agreed to the modifications and alterations proposed by plaintiff.

14.  There was never a meeting of the minds of the parties, and the writing annexed to the complaint does not represent the intentions of the defendants.

15.  On the 30th day of November 2006, ABC sold its school in the Bronx to a third party, with part of the proceeds to be paid in installments.

16.  Despite the efforts of plaintiff to alter the terms of defendants' offer, defendants, in good faith, paid to plaintiff, and he accepted the sum of $89,972.19 at the closing of sale, which represented implementation of the sliding scale offer initially presented by defendants to plaintiff.

17.  Despite the terms of the initial written offer, defendants delivered to plaintiff, in good faith, an additional sum of $18,400.00, with

the understanding that plaintiff would cash said check only if he agreed that he had been paid in full.

18.    Plaintiff cashed the check for $18,400.00 and then proceeded to breach his agreement and claim entitlement to an even larger sum of money.

19.    In fact, based upon the initial offer to plaintiff, defendants have paid plaintiff more than he is entitled to receive.

### AS AN FOR A 2nd  AFFIRMATIVE DEFENSE, DEFENDANTS ASSERT THE FOLLOWING:

20.    The cause of action to pierce the corporate veil is premature and fails to state a cause of action.

WHEREFORE, Defendants respectfully demand judgment dismissing the complaint, together with the costs and disbursements of this action.

Dated:  Middle Village, New York
        September 21, 2007

                                        Yours,  etc.

                                        _____
                                        Martin A. Wein   (MW 0870)
                                        Attorney for Defendants
                                        65-12 69th Place
                                        Middle Village, New York
                                        (718) 894-5501

To:    Laurence J. Lebowitz & Associates
        Attorneys for Plaintiff
        485 Madison Avenue-15th Floor
        New York, New York 10022
        (212) 935-6020 ext. 238